1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                            ----oo0oo----

11  CLIFFORD DENNEY,
                                    NO. CIV. S-05-2617 WBS JFM
12            Plaintiff,

13       v.                         MEMORANDUM AND ORDER RE:
                                    MOTION TO DISMISS AND MOTION
14                                  TO AMEND THIRD-PARTY COMPLAINT

15  TRANS WEST LOGISTIC SYSTEM,
    STANISLAS TRAMOY, and DOES 1
16  through 10,

17            Defendants.

18  TRANS WEST LOGISTIC SYSTEM and
    STANISLAS TRAMOY,
19
              Third-Party Plaintiffs,
20
         v.
21
    LEE SPARKS; BEHRENS MOVING, INC.;
22  ALLIED VAN LINES, INC.; ANDREZ J.
    REMBOWSKI; KRZYSZTOF D. DURMA;
23  MERVIN LEE HEUSEVELDT;
    ALBERTSON'S, INC.; DEAN CAMERON
24  EFHEN; WESTERN MATERIAL SUPPLY;
    DANNY SHANE KING, JR.; and
25  STEPHEN RAY SCHULTZ;

26            Third-Party Defendants.

27                            ----oo0oo----

28

                                   1

On October 31, 2003, plaintiff Clifford Denney suffered numerous injuries to his face and lower back following a multiple-vehicle accident on Interstate 80.  (Defs.' Notice of Removal Ex. A.)  Denney filed suit against defendants Trans West Logistics Systems ("Trans West") and Stanislas Tramoy in the Superior Court of California in and for the County of Nevada to recover compensation for his resulting medical expenses and other damages.  (Id. ¶¶ 1-2.)

Defendants removed the case to this court on December 23, 2005 and sought leave of the court to join additional parties on May 26, 2006.  The court granted this request and defendants accordingly filed their third-party complaint, which seeks indemnification and/or contribution from third-party defendants Lee Sparks, Behrens Moving, Inc., Allied Van Lines, Inc., Andrez J. Rembowski, Krzysztzof D. Durma; Mervin Lee Heuseveldt, Albertson's, Inc., Dean Cameron Efhen, Western Material Supply, Danny Shane King, Jr., and Stephen Ray Schultz.

However, the parties named in the caption of the third-party complaint do not match the parties identified in the text. In particular, Behrens Moving, Inc. was included in the caption but not in the body.  Behrens thus moves to dismiss the complaint as to it, arguing that the third-party plaintiffs have failed to state a claim against it.

Reacting to Behrens' motion, the third-party plaintiffs have filed a motion to amend their complaint in which they address Behrens' concern by adding allegations against this defendant to the body of the complaint.  They have also added Dean Cameron Efhen, Western Material Supply, Danny Shane King,

2

1  Jr., and Stephen Ray Schultz to the caption of the complaint

2  (previously these parties were only mentioned in the text).

3  Finally, they have removed third-party defendant Ryder Truck from

4  the body of the complaint.  Plaintiffs attribute any

5  discrepancies between the caption and the body of the complaint

6  to an "inadvertent error" and now move to amend.

7  I.  Motion to Amend the Complaint

8       Rule 15 empowers the parties to agree to amendments and

9  alternatively directs the court to freely grant leave to amend

10  "when justice so requires."  Fed. R. Civ. P. 15(a).  Leave should

11  be allowed if amendment can save the complaint unless there has

12  been undue delay, amendment is sought in bad faith, or amendment

13  would result in prejudice to the opposing party.  Edwards v.

14  Occidental Chem. Corp., 892 F.2d 1442, 1446 (9th Cir. 1990).

15  "[T]his policy is to be applied with extreme liberality."

16  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th

17  Cir. 1990); Breier v. N. Cal. Bowling Proprietors' Ass'n, 316

18  F.2d 787, 790 (9th Cir. 1963) ("Leave to amend should be allowed

19  unless the complaint 'cannot under any conceivable state of facts

20  be amended to state a claim.'" (quoting Alexander v. P. Mar.

21  Ass'n, 314 F.2d 690 (9th Cir. 1963))).

22       The court has not yet issued a scheduling order in this

23  matter specifically because the parties requested an August 4,

24  2006 deadline for joinder of additional parties.  Third-party

25  plaintiffs filed this motion on July 14, 2006.  Given these

26  relevant dates, and the fact that these proceedings are clearly

27  still in the initial stages, the third-party defendants cannot

28  seriously accuse the third-party plaintiffs of undue delay or bad

1  faith.  Nor are there any grounds to argue that amendment would

2  significantly prejudice defendants in any way.  The third-party

3  plaintiffs' motion to amend will therefore be granted.

4  II.  Motion to Dismiss

5          Typically, an amended complaint moots all pending

6  motions.  Datastorm Techs., Inc. v. Excalibur Commc'ns, Inc., 888

7  F. Supp. 112, 114 (N.D. Cal. 1995) ("A complaint that has been

8  amended pursuant to Fed. R. Civ. P. 15(a) supersedes the pleading

9  it modifies, rendering the original pleading void." (citing Loux

10 v. Rhay, 375 F.2d 55 (9th Cir. 1967)).  Moreover, although "the

11 [c]ourt may exercise its discretion to consider a motion to

12 dismiss the original complaint where the amended complaint fails

13 to cure the defects of the original complaint", this approach is

14 not warranted in this case.  Fitzgerald v. State, No. Civ.

15 96-2077, 1997 WL 579193, at *3 (D. Ariz. July 9, 1997).  Behrens'

16 motion to dismiss only argued that the third-party plaintiffs'

17 failure to include Behrens in the body of the complaint amounted

18 to failure to state a claim.  The amended complaint remedies this

19 problem and thus moots Behrens' motion.

20         IT IS THEREFORE ORDERED that third-party plaintiffs'

21 motion to amend be, and the same hereby is, GRANTED.  Third-party

22 plaintiffs have twenty (20) days from the date of this Order to

23 file a First Amended Third-Party Complaint consistent with this

24 Order.

25 ///

26 ///

27 ///

28 ///

4

1          IT IS FURTHER ORDERED that third-party defendant

2   Behrens Moving Co.'s motion to dismiss be, and the same hereby

3   is, DENIED.

4   DATED:  August 18, 2006

5

6   _____
    WILLIAM B. SHUBB
7   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28